UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re<br>Daniel Lee Renk,<br>        Debtor. | Chapter 13<br>Case No. 17-27651-svk |

| | |
|---|---|
| Daniel Lee Renk,<br>        Plaintiff,<br>v.<br>Michael Blawat and<br>Anna Marie Blawat,<br>        Defendants. | Adversary No. 17-2361 |

**MEMORANDUM DECISION AND ORDER
GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Michael and Anna Marie Blawat filed a mortgage foreclosure action against Daniel Renk and recovered attorneys' fees as part of the foreclosure judgment. After Mr. Renk filed a Chapter 13 petition to stop the foreclosure proceedings, he brought this adversary proceeding against the Blawats, alleging that the attorneys' fee award violated Wisconsin law and that the post-judgment legal fees that the Blawats added to their proof of claim were unreasonable. The Blawats responded with a motion for partial summary judgment, claiming that the challenges to the state court judgment are precluded by the *Rooker-Feldman* doctrine and the doctrine of claim preclusion.[1]

---

[1] The Blawats also challenge the merits of Mr. Renk's claims. Although the attorneys' fees charged for a simple foreclosure appear excessive, based on the definitions in the applicable statutes, the Court tends to agree with the Blawats that the transaction between the parties is not governed by the fee limits of Chapters 422 or 428 of the Wisconsin Statutes.

## BACKGROUND

Summary judgment is appropriate if the pleadings and affidavits on file show there is no genuine dispute as to any material fact and the Blawats are entitled to judgment as a matter of law. *See* Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56; *Omega Healthcare Inv'rs, Inc. v. Res-Care, Inc.*, 475 F.3d 853, 857 (7th Cir. 2007). The Court views all facts and draws all inferences in the light most favorable to Mr. Renk as the non-moving party. *Omega Healthcare Inv'rs, Inc.*, 475 F.3d at 857. The Court is also required to consider its own subject matter jurisdiction. *See Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."); *see also* Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## UNDISPUTED FACTS

Mr. Renk and the Blawats acquired real property located on Adler Street in Milwaukee (the "Property") for Mr. Renk to repair. Mr. Renk gave the Blawats a mortgage note in July 2012, in the amount of $15,100, secured by a mortgage on the Property. At that time, the Blawats received an option to buy 51% of the Property, but later Mr. Renk "bought out" the option, by executing an amended mortgage note increasing the principal balance to $20,685. (Docket No. 16-2 at 16-19.)

Mr. Renk defaulted, and, after first attempting an out-of-court resolution, the Blawats filed a foreclosure action. Mr. Renk answered the foreclosure complaint pro se and appeared at an August 2016 scheduling conference. He was given time to retain counsel, but did not do so. Without the assistance of an attorney, Mr. Renk filed a response to the Blawats' motion for summary judgment. He then appeared late for the hearing on the motion. The state court judge

reconvened the hearing and explained that the evidence showed that the Blawats were entitled to a judgment of foreclosure. Judge DiMotto expressly found and explained to Mr. Renk that the evidence showed that principal, interest, utilities and insurance totaled $20,265.68, and that attorneys' fees and costs totaled $12,324.18, for a total of $32,589.86. The judge stated: "So that means what was submitted in evidentiary form – because you didn't submit anything in evidentiary form – plaintiff was entitled to and was granted a judgment of $32,589.86." (Docket No. 13-4 at 13.) The Blawats' counsel submitted a proposed judgment that broke down the various costs and disbursements, including attorneys' fees of $11,214, and sent a copy to Mr. Renk. Without objection, on December 15, 2016, the Circuit Court for Milwaukee County entered the judgment in the amount of $32,546.81.[2] Mr. Renk did not appeal.

On August 3, 2017, the Blawats filed a motion for confirmation of the sheriff's sale. (Docket 13-7 at 2.) The motion reflects that the Blawats purchased the Property for $33,461.95, and that they had incurred an additional $11,223 in attorneys' fees that were not included in the judgment of foreclosure. On the same day, Mr. Renk filed a Chapter 13 petition, staying confirmation of the sheriff's sale. On December 4, 2017, Mr. Renk filed this adversary proceeding against the Blawats. Count 1 of the amended complaint alleges that the attorneys' fees award violated Wis. Stat. § 422.411(2) by exceeding 5% of the judgment total. Count 2 claims that the fees contravened the prohibition in Wis. Stat. § 428.103 against charging attorneys' fees over 5% of the judgment amount in certain foreclosure cases. In count 3, Mr. Renk objected to the attorneys' fees included in the Blawats' proof of claim.

---

[2] The total judgment is different than the figure used at the hearing, because the Blawats' counsel made a mistake in calculating the costs. However, the attorneys' fees total of $11,214 remained the same as the total Judge DiMotto explained to Mr. Renk at the hearing.

3

ANALYSIS

In their motion for partial summary judgment, the Blawats argue that counts 1 and 2 must be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine, prohibiting "state-court losers complaining of injuries caused by state-court judgments" from asking federal courts to review and reject such judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the doctrine, federal courts may not consider claims that directly seek to set aside a state court judgment or claims that are "inextricably intertwined" with the state court judgment. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). This "determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.* (quoting *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)); *see also Milchtein v. Chisholm*, 880 F.3d 895, 897-98 (7th Cir. 2018) (objecting to the use of the phrase "inextricably intertwined" as a ground of decision, but noting that the "vital question" "is whether the federal plaintiff seeks the alteration of a state court's judgment."). The *Rooker-Feldman* doctrine is jurisdictional in nature; its applicability must be determined before any other affirmative defense, including claim preclusion. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554-55 (7th Cir. 1999) (citing *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). "In certain circumstances, where a federal suit follows a state suit, the *Rooker-Feldman* doctrine prohibits the district court from exercising jurisdiction." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010).

The *Rooker-Feldman* doctrine applies in bankruptcy court adversary proceedings. *Knapper v. Bankers Tr. Co. (In re Knapper)*, 407 F.3d 573, 581 (3d Cir. 2005) (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87 (3d Cir. 1997)). Courts have used the doctrine to bar

collateral attacks on state court foreclosure judgments. *Kline v. Deutsche Bank Nat'l Tr. Co. (In re Kline)*, 472 B.R. 98, 105 (B.A.P. 10th Cir. 2012). Mr. Renk argues that the state court's summary judgment order was not the last step in the foreclosure process, and the *Rooker-Feldman* doctrine therefore does not apply. While the Seventh Circuit Court of Appeals has suggested that the doctrine does not apply to interlocutory orders,[3] in Wisconsin, a judgment of foreclosure is a final appealable judgment. *Shuput v. Lauer*, 109 Wis. 2d 164, 169-72, 325 N.W.2d 321, 325-26 (1982). Judge DiMotto's summary judgment order expressly stated that it was "final for the purposes of appeal." (Docket No. 13-6 at 4.) Mr. Renk could have but did not appeal Judge DiMotto's order, and the *Rooker-Feldman* doctrine applies to prevent him from attempting to "appeal" to this Court.

The Seventh Circuit's decision in *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008) is directly on point. In that case, a medical debt collection agency obtained state court judgments on behalf of its hospital client against a number of patients. The judgments included attorneys' fees. Based on information the patients subsequently learned about the debt collector's acquisition of the collection accounts, they sued the debt collector in federal district court, claiming that the attorneys' fees claim violated the Fair Debt Collection Practices Act. The plaintiffs asserted that absent ownership or an assignment of contractual rights in the accounts, the debt collector did not have the right to recover attorneys' fees, and therefore the debt collector and its employees made false statements as to their entitlement to recover fees.

---

[3] *Compare TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) (stating that "an interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction.") *with Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) (suggesting in dicta that "[a] truly interlocutory decision should not be subject to review in *any* court; review is deferred until the decision is final.") *and Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x 346 (7th Cir. 2016) (applying *Rooker-Feldman* doctrine to bar federal suit when foreclosure judgment was not appealable under applicable state law).

5

The court of appeals concluded that the *Rooker-Feldman* doctrine barred the district court's consideration of the attorneys' fee award. The plaintiffs' argument that their injuries were independent of the state court judgment failed. In response to the claim that the allegedly fraudulent misrepresentations were the source of their injury, rather than the state court award of attorneys' fees, the court stated:

> Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees.

*Id.* at 605.

Mr. Renk similarly argues that the Chapter 422 and 428 claims are independent causes of action that a plaintiff may bring only following the entry of a foreclosure judgment. However, his claims appear to attack the state court judgment even more directly than the FDCPA claims in *Kelley*, as he essentially requests the attorneys' fees awarded in the judgment be reduced to what he believes is authorized under Wisconsin law. Accordingly, Mr. Renk complains of an injury directly caused by the state court judgment, not an independent prior injury that the state court failed to remedy. And, like the court in *Kelley*, this Court cannot determine that the attorneys' fee award violated the Wisconsin statutes without determining that the state court erred by issuing the judgment awarding the fees.

In *Kelley*, the plaintiffs also argued that the *Rooker-Feldman* doctrine did not apply because they did not have a reasonable opportunity to litigate their FDCPA claims in small claims court. The court rejected this argument as well, observing that although small claims court may not have been the "preferred forum" for the plaintiffs to raise their claims, nothing precluded them from doing so. *Id.* at 606-07. Moreover, the court noted in dicta that the

6

Case 17-02361-svk    Doc 19    Filed 04/24/18    Page 6 of 8

"reasonable opportunity" exception to the *Rooker-Feldman* doctrine "was developed during a time when federal courts applied *Rooker-Feldman* much more expansively." After the Supreme Court's decision in *Exxon Mobil*, the court stated the exception "is of questionable viability." *Id.* at 607.

But cases decided after *Kelley* have continued to articulate an exception if the party did not have a reasonable opportunity to raise an issue in state court proceedings. *See, e.g., Jakupovic*, 850 F.3d at 902; *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012). The exception "focuses not on ripeness, but on difficulties caused by 'factor[s] independent of the actions of the opposing part[ies] that precluded' a plaintiff from bringing federal claims in state court, such as state court rules or procedures." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 534-35 (7th Cir. 2004) (alterations in original) (quoting *Long*, 182 F.3d at 558). Mr. Renk argues that he did not have a reasonable opportunity to raise the issues in state court, but a review of the transcript suggests otherwise. Judge DiMotto identified the attorneys' fees and costs component of the judgment to Mr. Renk after Mr. Renk arrived late for the summary judgment hearing. (Docket No. 13-4 at 13.) Counsel for the Blawats submitted a proposed order and judgment including the attorneys' fees (Docket No. 13-5), and when there were no objections, the order containing the amount was entered. (Docket No. 13-6.) Mr. Renk did not appeal, and the order became final long before this bankruptcy case was filed.

## CONCLUSION

In this case, counts 1 and 2 of Mr. Renk's amended complaint allege an injury – excessive attorneys' fees – that was part and parcel of the state court's judgment of foreclosure, and Mr. Renk had a reasonable opportunity to challenge the attorneys' fees in the state court

proceedings.  Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to review the state court judgment and reduce the fees.  Accordingly,

  IT IS THEREFORE ORDERED:  the motion for partial summary judgment is granted, and counts 1 and 2 of the amended complaint are dismissed.

Dated: April 24, 2018

By the Court:

_Susan Kelley_
Susan V. Kelley
Chief U.S. Bankruptcy Judge